## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA, ex rel. RAY DILLAHUNTY,**

**Plaintiff,**

**v.**

**CHROMALLOY OKLAHOMA, a division of CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE LLC; SEQUA CORPORATION; and THE CARLYLE GROUP,**

**Defendants.**

**Case No. 08-CV-944-L**

## DEFENDANT THE CARLYLE GROUP'S
## <u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>

John N. Hermes, OBA #4133
Timothy J. Bomhoff, OBA #13172
M. Richard Mullins, OBA #13329
Ronald T. Shinn Jr., OBA #19569
McAFEE & TAFT
A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:  (405) 552-2258
Facsimile:   (405) 228-7458
Email: john.hermes@mcafeetaft.com
Email: richard.mullins@mcafeetaft.com
Email: tim.bomhoff@mcafeetaft.com
Email: ron.shinn@mcafeetaft.com

and

Roger S. Goldman, DC #333294
Kyle R. Jefcoat, DC #492380
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004-1304
Telephone:  (202) 637-2200
Facsimile:   (202) 637-2201
Email: roger.goldman@lw.com
Email: kyle.jefcoat@lw.com

*ATTORNEYS FOR DEFENDANTS*

May 27, 2009

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

MOTION .................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT THE CARLYLE GROUP'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION ...................................... 2

I. STATEMENT OF FACTS ........................................................................ 2

    A. The Carlyle Group Background Information ....................................... 2

    B. Plaintiff's Allegations ........................................................................ 4

II. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION
OVER THE CARLYLE GROUP AND THE COMPLAINT
SHOULD THEREFORE BE DISMISSED AS TO THE
CARLYLE GROUP. ................................................................................. 5

    A. The Plaintiff Cannot Establish Specific Jurisdiction. ......................... 6

    B. The Plaintiff Cannot Establish General Jurisdiction ........................... 8

III. CONCLUSION ..................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page**

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
    480 U.S. 102 (1987) ........................................................................ 5

*Ast Sports Sci., Inc. v. CLF Distrib. Ltd.*,
    514 F.3d 1054 (10th Cir. 2008) ...................................................... 5, 6, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................... 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................. 6

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
    514 F.3d 1063 (10th Cir. 2008) ........................................................ 6

*Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995) ............... 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ............... 8

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ................................... 5

*Kuenzle v. HTM Sport-Und Freizeitgerate AG*,
    102 F.3d 453 (10th Cir. 1996) ......................................................... 9

*Lively v. IJAM, Inc.*, 114 P.3d 487 (Okla. Ct. App. 2005) ....................... 8, 10

*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*,
149 F.3d 1086 (10th Cir.1998) ............................................................ 9, 10

*Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358 (10th Cir. 1974) ................ 8

*Soma Med. Int'l v. Standard Chartered Bank*,
    196 F.3d 1292 (10th Cir. 1999) ....................................................... 9

*Sun Towers, Inc. v. Heckler*, 725 F.2d 315 (5th Cir.), *cert. denied*,
    469 U.S. 823, 83 L. Ed. 2d 45, 105 S. Ct. 100 (1984) ................... 7

*Ten Mile Indus. Park v. Western Plains Serv. Corp.*,
    810 F.2d 1518 (10th Cir. 1987) ....................................................... 7, 8

*United States v. Botefuhr*, 309 F.3d 1263 (10th Cir. 2002) ....................... 5

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........... 5, 6

4358462_1.DOC

**Misc.**                                                                 **Page**

Fed. R. Civ. P. 9(b) ................................................................................   1

Fed. R. Civ. P. 12(b)(2) ........................................................................   1, 2, 10

Fed. R. Civ. P. 12(b)(6) ........................................................................   1

12 Okl. St. § 2004(F) ............................................................................   5

4358462_1.DOC

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. RAY DILLAHUNTY,**<br><br>                              **Plaintiff,**<br>**v.**<br><br>**CHROMALLOY OKLAHOMA, a division of CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE LLC; SEQUA CORPORATION; and THE CARLYLE GROUP,**<br><br>                              **Defendants.** | **Case No. 08-CV-944-L** |

**DEFENDANT THE CARLYLE GROUP'S
<u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

**<u>MOTION</u>**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant The Carlyle Group respectfully moves the Court to dismiss the Complaint filed by the Relator, Ray Dillahunty for lack of personal jurisdiction.  The grounds supporting this motion are set forth fully in the Memorandum of Points and Authorities and the Declaration of Jeffery W. Ferguson, which are attached hereto and filed concurrently with this motion.

Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), Defendant The Carlyle Group respectfully moves the Court to dismiss the Complaint filed by the Relator, Ray Dillahunty and incorporates herein the brief filed by Defendants Chromalloy Gas Turbine

4358462_1.DOC

Corporation, Chromalloy Gas Turbine, LLC, Chromalloy Oklahoma, a division of

Chromalloy Gas Turbine Corporation and Sequa Corporation.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE CARLYLE GROUP'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant The Carlyle Group respectfully submits this memorandum of

law in support of its motion, pursuant to Rule 12(b)(2) of the Federal Rules of Civil

Procedure, for an order dismissing the Complaint filed by the Relator, Ray Dillahunty

The Carlyle Group does not have sufficient contacts with the state of Oklahoma

necessary for personal jurisdiction to lie in this Court.

## I.    STATEMENT OF FACTS

### A.    The Carlyle Group Background Information

"The Carlyle Group," against whom the Plaintiff has brought this action is

not in fact a legal entity.  *See* Declaration of Jeffery W. Ferguson ("Ferguson Decl.") ¶ 1,

attached hereto as Exhibit ("Ex.") 1.  "The Carlyle Group" is a trade name used by other

entities, including The Carlyle Group L.P. – to which the Plaintiff refers in paragraph 10

of the Complaint.  *Id.* at ¶ 2 ; Complaint ("Compl.") ¶ 10.[1]

The false claims alleged in the Complaint all relate to work performed in

fulfilling government contracts.  *See* Compl. ¶ 19 – 26.  Moreover, the contracts in

question were all performed by Chromalloy Oklahoma, a division of Chromalloy Gas

Turbine Corporation ("Chromalloy Oklahoma").  The Carlyle Group's relationship to

---

[1]   When this memorandum mentions the "The Carlyle Group", it is referring to the entities that use the trade name "The Carlyle Group."

4358462_1.DOC

Chromalloy Oklahoma is ultimately separated by multiple different entities.  Through various subsidiaries, The Carlyle Group owns Sequa Corporation ("Sequa") which in turn owns Chromalloy Gas Turbine LLC which in turn owns Chromalloy Gas Turbine Corporation which in turn operates Chromalloy Oklahoma.  *See* Ferguson Decl. ¶ 3. Indeed, The Carlyle Group's ownership relationship with the other Defendant entities did not begin until December 3, 2007.  *See* Ferguson Decl. ¶ 3.

More importantly, The Carlyle Group has no connection to the performance of any of those contracts referenced in the Complaint:

- The Carlyle Group has never been involved in the performance of the government contracts held by either Chromalloy Oklahoma, Chromalloy Gas Turbine Corporation, or Chromalloy Gas Turbine LLC (collectively "Chromalloy").  *See* Ferguson Decl. ¶ 4.

- The Carlyle Group has never been involved in Chromalloy's drafting or presenting invoices to the government.  *See* Ferguson Decl. ¶ 5.

- The Carlyle Group has never been a party to any of Chromalloy's contracts with the government.  *See* Ferguson Decl. ¶ 6.

- None of Chromalloy's contracts with the government have been either assigned or novated to The Carlyle Group.  *See* Ferguson Decl. ¶ 7.

- The Carlyle Group has never been a subcontractor to Chromalloy on any of its government contracts.  *See* Ferguson Decl. ¶ 8.

- The Carlyle Group has never been a surety for any of Chromalloy's government contracts.  *See* Ferguson Decl. ¶ 9.

In addition to The Carlyle Group's lack of a connection to the government contracts which form the basis of this lawsuit, The Carlyle Group has virtually no connection to the State of Oklahoma:

4358462_1.DOC

- The Carlyle Group is not registered as a corporation or other business organization in the State of Oklahoma. *See* Ferguson Decl. ¶ 11.

- The Carlyle Group does not have a place of business or own title to, lease or otherwise occupy any real property in the State of Oklahoma. *See* Ferguson Decl. ¶ 12.

- The Carlyle Group holds no licenses to conduct business in the State of Oklahoma. *See* Ferguson Decl. ¶ 13.

- The Carlyle Group does not advertise any products or services in the State of Oklahoma. *See* Ferguson Decl. ¶ 14.

Furthermore, The Carlyle Group was not served with this lawsuit in the State of Oklahoma – in part because it has no registered agent in the State of Oklahoma and could not be served in the State of Oklahoma. *See* Ferguson Decl. ¶ 10. In fact even the complaint appears to acknowledge that it served The Carlyle Group in Washington, D.C. *See* Compl. ¶ 11.

**B.     <u>Plaintiff's Allegations</u>**

The Plaintiff makes only conclusory, unsupported statements to support its claim of personal jurisdiction over The Carlyle Group. The entirety of the Plaintiff's allegations supporting personal jurisdiction over The Carlyle Group is the following sentence: "[The Carlyle Group] owns and controls Sequa Corporation and all its subsidiaries and thus routinely conducts business via Chromalloy Oklahoma in Oklahoma." Compl. ¶ 10. In fact, after the lone paragraph mentioning The Carlyle Group, the remainder of the Complaint always refers to the Defendants as a group. *See e.g.* Compl. ¶ 19A ("Defendants VIOLATE this Specification . . . ."). However, all of the actions by "Defendants" to which the Plaintiff refers are all actions that only would have

4

been performed by Chromalloy Oklahoma.  The failure to even refer to The Carlyle Group is telling, because The Carlyle Group does not have minimum contacts with the state of Oklahoma that are sufficient for this Court to exercise personal jurisdiction.

## II.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE CARLYLE GROUP AND THE COMPLAINT SHOULD THEREFORE BE DISMISSED AS TO THE CARLYLE GROUP.

A court may not exercise personal jurisdiction over a defendant unless the defendant would be subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located under the state's long-arm statute and the assertion of personal jurisdiction does "not offend the due process clause of the Fourteenth Amendment."  *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).  Because Oklahoma's long-arm statute extends to the limits of the Due Process Clause, the two analyses are collapsed into one.[2] *Id*.

The requisite inquiry then is two-fold.  First, defendant must have purposefully established sufficient "minimum contacts" with the forum state such that "he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Second, jurisdiction can only be exercised if consistent with "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987); *Ast Sports Sci., Inc. v. CLF Distrib.*

---

[2]  *See*  12 Okl. St. § 2004(F) ("A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States.")

*Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).   To assess reasonableness, a court should consider: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interests of several states in furthering fundamental substantive policies.  *World-Wide Volkswagen Corp.*, 444 U.S. at 292; *Ast Sports Sci.,* 514 F.3d at 1061.

As the 10th Circuit has explained: "[P]laintiffs bear the burden of establishing personal jurisdiction."  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).  Moreover, if a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing, the plaintiff must "make a *prima facie* showing of personal jurisdiction."  *Id.* at 1070.   In addition, that *prima facia* showing must be made through "plausible, non-conclusory, and non-speculative … facts alleged in plaintiffs' complaint."  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   Analyzed under the firmly established framework described above, Plaintiff fails to satisfy his burden to establish jurisdiction over The Carlyle Group.

## A.    **The Plaintiff Cannot Establish Specific Jurisdiction**

A court can exercise specific jurisdiction over a non-resident defendant when the suit is "related to" or "arises out of" the defendant's contacts with that forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.15 (1985); *Ast Sports Sci.,* 514 F.3d at 1058.   Here, Plaintiff cannot demonstrate that this lawsuit is "related to" or

"arising out of" any contact The Carlyle Group has with the state of Oklahoma, and thus specific jurisdiction is not available.

In fact, the lawsuit relates to contracts which were performed by Chromalloy Oklahoma – a division separated from the Carlyle Group by multiple legal entities.  The Plaintiff has not even attempted to allege how or in what way this lawsuit might be "related to" or "arising out of" any contact The Carlyle Group has with the state of Oklahoma.  The full extent of the Plaintiff's claim is that "[The Carlyle Group] owns and controls Sequa Corporation and all its subsidiaries and thus routinely conducts business via Chromalloy Oklahoma in Oklahoma."  Compl. ¶ 10.  However, the 10th Circuit has made it clear that simply because a court may have personal jurisdiction over a legal entity does not mean that the court has jurisdiction over the owners of that legal entity.

In *Ten Mile Industrial Park v. Western Plains Service Corp.*, the Circuit explained that corporate ownership could not be discarded in determining personal jurisdiction and the fact that a corporation owned real property in a jurisdiction – and was thus subject to personal jurisdiction – did not mean that the owners of the corporation were also subject to personal jurisdiction:

> "[I]t is an elementary principle of corporate law that a corporation and its stockholders are separate entities and that the title to corporate property is vested in the corporation and not in the owners of the corporate stock." *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 331 (5th Cir.), *cert. denied*, 469 U.S. 823, 83 L. Ed. 2d 45, 105 S. Ct. 100 (1984).  Appellants have not come forth with evidence that would tend to undermine Plateau's status as a valid corporate entity.  Thus, Plateau's

> ownership of the Ten Mile property cannot be attributed to
> the S&L's which own stock in Plateau, and personal
> jurisdiction over such appellees cannot be imposed through
> ownership of the Ten Mile property.

*Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1527-1528 (10th Cir. 1987).  This situation is even more clear.  Plaintiff's have made no argument to disregard the corporate form of any of the legal entities in this chain of ownership and have not alleged any basis for personal jurisdiction over The Carlyle Group other than its ownership of stock in another corporation.   "[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974).  According to *Ten Mile* and *Quarles*, the Plaintiff's allegation is simply inadequate to establish personal jurisdiction "related to" or "arising out of" any contact The Carlyle Group has with the state of Oklahoma.

## B.   The Plaintiff Cannot Establish General Jurisdiction

Since the Plaintiff cannot demonstrate specific jurisdiction, for this Court to exercise jurisdiction over The Carlyle Group, the Plaintiff must demonstrate that the company has the sort of "continuous and systematic general business contacts" with the state of Oklahoma necessary to establish general jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Ast Sports Sci.,* 514 F.3d at 1058.  "The facts required to establish general jurisdiction must be extensive and persuasive." *Lively v. IJAM, Inc.*, 114 P.3d 487, 494 (Okla. Ct. App. 2005) (citations and quotation marks omitted).   Indeed, the 10th Circuit has explained that:   "Because general

jurisdiction is not related to the events giving rise to the suit, courts impose a **more stringent minimum contacts test** . . . ." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir.1998) (citation omitted) (emphasis added).

In reviewing the contacts with the state the 10th Circuit has looked to various factors such as:

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

*Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 457 (10th Cir. 1996). *See also Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295-96 (10th Cir. 1999) (identifying factors relevant to a determination of general jurisdiction under Utah law).[3]

---

[3] Those factors reviewed included:

Whether the corporate defendant is

1. engaged in business in this state;
2. licensed to do business in this state;
3. owning, leasing, or controlling property (real or personal) or assets in this state;
4. maintaining employees, offices, agents, or bank accounts in this state;
5. present in that shareholders reside in this state;
6. maintaining phone or fax listings within this state;
7. advertising or soliciting business in this state;
8. traveling to this state by way of salespersons, etc.;
9. paying taxes in this state;
10. visiting potential customers in this state;
11. recruiting employees in the state;
12. generating a substantial percentage of its national sales through revenue generated from in-state customers.

9

In this case, the Plaintiff has not alleged that The Carlyle Group has any contacts with the State of Oklahoma other than the corporate ownership discussed above. In fact, the Ferguson Declaration demonstrates conclusively that The Carlyle Group does not have contacts with the State of Oklahoma and certainly not contacts that rise to the level of "extensive and persuasive" or meeting a "more stringent minimum contacts test." *Lively* 114 P.3d at 494; *OMI Holdings, Inc.,* 149 F.3d at 1091 (citations omitted)..  The Carlyle Group is not registered as a corporation or other business organization in Oklahoma, does not have a place of business or other real property in Oklahoma, and holds no licenses to conduct business in Oklahoma.  *See* Ferguson Decl. ¶¶ 11-13. Furthermore, "The Carlyle Group does not advertise any products or services in the State of Oklahoma." *Id.* ¶ 14.  In short, The Carlyle Group has virtually no contacts with the State of Oklahoma and the Plaintiff has completely failed to make a *prima facia* showing of personal jurisdiction.

## III.   <u>CONCLUSION</u>

For all the foregoing reasons, The Carlyle Group respectfully requests that the Court enter an order dismissing Plaintiff's Complaint with regard to The Carlyle Group for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.    In the alternative, The Carlyle Group respectfully requests that the Court enter an order dismissing Plaintiff's Complaint with regard to The Carlyle Group for the grounds set forth in the motion filed by Defendants Chromalloy Gas Turbine

Corporation, Chromalloy Gas Turbine, LLC, Chromalloy Oklahoma, a division of

Chromalloy Gas Turbine Corporation and Sequa Corporation

*/s/ John N. Hermes*

John N. Hermes, OBA #4133
Timothy J. Bomhoff, OBA #13172
M. Richard Mullins, OBA #13329
Ronald T. Shinn Jr., OBA #19569
McAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:   (405) 552-2258
Facsimile:    (405) 228-7458
Email: john.hermes@mcafeetaft.com
Email: richard.mullins@mcafeetaft.com
Email: tim.bomhoff@mcafeetaft.com
Email: ron.shinn@mcafeetaft.com

and

Roger S. Goldman, DC #333294
Kyle R. Jefcoat, DC #492380
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004-1304
Telephone:    (202) 637-2200
Facsimile:    (202) 637-2201
Email: roger.goldman@lw.com
Email: kyle.jefcoat@lw.com

*ATTORNEYS FOR DEFENDANTS*

4358462_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to any ECF registrants for this case:

David W Van Meter
Van Meter Law Firm
501 N Walker Ave
Suite 120
Oklahoma City, OK 73102
Tel:    (405) 228-4949
Fax:    (405) 228-4945
Email: david@vanmeterlawfirm.com
*ATTORNEY FOR PLAINTIFF*

I also hereby certify that on this 27th day of May, 2009, I served the attached document by email, to the following, who is not shown as a registered participant in this action.

Robert C. Bradford
Assistant U.S. Attorney
United States Attorney's Office
Western District of Oklahoma
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Tel:    (405) 553-8700
Fax:    (405) 553-8885
Email: Robert.Bradford@usdoj.gov

*/s/ John N. Hermes*
John N. Hermes

4358462_1.DOC