## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA, ex rel. RAY DILLAHUNTY,**

**Plaintiff,**

**v.**

**CHROMALLOY OKLAHOMA, a division of CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE LLC; SEQUA CORPORATION; and THE CARLYLE GROUP,**

**Defendants.**

**Case No. 08-CV-944-L**

---

### DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

John N. Hermes, OBA #4133
Timothy J. Bomhoff, OBA #13172
M. Richard Mullins, OBA #13329
Ronald T. Shinn Jr., OBA #19569
McAFEE & TAFT
A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:  (405) 552-2258
Facsimile:   (405) 228-7458
Email: john.hermes@mcafeetaft.com
Email: richard.mullins@mcafeetaft.com
Email: tim.bomhoff@mcafeetaft.com
Email: ron.shinn@mcafeetaft.com

and

Roger S. Goldman, DC #333294
Kyle R. Jefcoat, DC #492380
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004-1304
Telephone:  (202) 637-2200
Facsimile:   (202) 637-2201
Email: roger.goldman@lw.com
Email: kyle.jefcoat@lw.com

*ATTORNEYS FOR DEFENDANTS*

May 27, 2009

# TABLE OF CONTENTS

**Page**

MOTION ........................................................................................ 1

BRIEF IN SUPPORT ..................................................................... 1

I.      INTRODUCTION .................................................................. 1

II.     ARGUMENT AND AUTHORITIES ..................................... 3

     A.      THE RELATOR'S COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED. ............................................................. 3

          1.      The Relator's Complaint Fails to Meet the Minimum Pleading Requirements of Rule 12(b)(6) ................................. 8

          2.      The Realtor has Only Identified Contracts Between Chromalloy Gas Turbine Corporation and the Government .................................................................. 10

          3.      Paragraphs 20(B), 21(C), 22(E), 23(D), 24(C) and 26(C) of the Relator's Complaint Contain Allegations that are Barred by the FCA's Statute of Limitations. .............. 11

     B.      THE RELATOR'S COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY AND SHOULD BE DISMISSED. .......... 13

          1.      The Realtor's Complaint Fails to Plead the Who, What, When, Where and How. .................................. 13

          2.      The Relator's Complaint Fails to Plead a Claim for Payment Under the FCA. .................................... 15

          3.      The Relator's Complaint Fails to Plead an Objective Falsehood. ............................................ 17

III.    CONCLUSION .................................................................... 19

i

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                    <u>Page</u>

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................ 2, 3, 9

*GEICO General Insurance Co. v. Edo,* 127 S. Ct. 2201 (2007) ................................ 18

*Hagood v. Sonoma County Water Agency*, 81 F.3d 1465 (9th Cir.),
 *cert. denied*, 519 U.S. 865 (1996) .................................................................... 17

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999) .......... 17

*Mikes v. Straus*, 274 F.3d 687 (2d Cir. 2001)............................................................. 10

*Pace v. Swerdlow*, 519 F.3d 1067 (10th Cir. 2008) ................................................... 11

*Smith v. United States*, 561 F.3d 1090 (10th Cir. 2009)............................................. 11

*Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) *cert. denied*,
 549 U.S. 1209 (2007).......................................................................................... 14

*United States v. Abbott Washroom Sys., Inc.*, 49 F.3d 619 (10th Cir. 1995) ............. 3

*United States ex rel., Aflatooni v. Kitsap Physicians Serv.*,
 314 F.3d 995 (9th Cir. 2002) ............................................................................. 15

*United States ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006)................ 16

*United States ex rel. Chandler v. Swords to Ploughshares*,
 No. C-96-0578-VRW, 1999 WL 144868 (N.D. Cal. March 11, 1999),
 *aff'd*, 242 F.3d 385 (9th Cir. 2000) .................................................................... 2

*United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*,
 290 F.3d 1301 (11th Cir. 2002)
 *cert. denied*, 537 U.S. 1105 (2003) ....................................................... 4, 10, 15, 16

*United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*,
 543 F.3d 1211 (10th Cir. 2008)........................................................................... 9, 10

*United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730
 (7th Cir. 2007), *cert. denied*, 128 S.Ct. 1246 (2008) ...................................... 16, 17

*United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
 360 F.3d 220 (1st Cir.) *cert. denied*, 543 U.S. 820 (2004) ........................... 15

4271335_4.DOC

*United States ex rel. Lacy v. New Horizons, Inc.*, No. CIV-07-0137-HE,
    2008 WL 4415648 (W.D. Okla. Sept. 25, 2008) ........................................... 15

*United States ex rel. Lamers v. City of Green Bay*,
    168 F.3d 1013 (7th Cir. 1999)........................................................ 17, 18

*United States ex rel. Morton v. A Plus Benefits, Inc.*,
    139 Fed. Appx. 980 (10th Cir. 2005)............................................. 4, 17

*United States ex rel. Ritchie v. Lockheed Martin Corp.*,
    558 F.3d 1161 (10th Cir. 2009).......................................................... 2

*United States ex rel. Sikkenga v. Regence Bluecross Blueshield*,
    472 F.3d 702 (10th Cir. 2006) .......................................... 4, 12, 13, 15, 17

*United States ex rel. Trim v. McKean*, 31 F. Supp. 2d 1308 (W.D. Okla. 1998)....... 3

*United States ex rel. Tucker v. Nayak*, No. 06-CV-662-*JPG*,
    2008 WL 140948 (S.D. Ill. Jan. 11, 2008).................................... 16, 17

*United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
    525 F.3d 370 (4th Cir. 2008).................................................. 3, 17, 18

## **Misc.**                                                     **Page**

Fed. R. Civ. P. 9(b) ................................................1, 2, 4, 13, 15, 16, 17, 18, 19

Fed. R. Civ. P. 12(b)(6) ...............................................  1, 2, 3, 8, 9, 18, 19

31 U.S.C. §§ 3729 ...................................................  2, 3, 4, 11

31 U.S.C. §§ 3731 ...................................................  11, 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. RAY DILLAHUNTY,**<br><br>                                       **Plaintiff,**<br><br>**v.**<br><br>**CHROMALLOY OKLAHOMA, a division of CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE LLC; SEQUA CORPORATION; and THE CARLYLE GROUP,**<br><br>                                       **Defendants.** | **Case No. 08-CV-944-L** |

<u>**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**</u>

<u>**MOTION**</u>

Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), Defendants Chromalloy Gas Turbine Corporation, Chromalloy Gas Turbine, LLC, Chromalloy Oklahoma, a division of Chromalloy Gas Turbine Corporation and Sequa Corporation respectfully move the Court to dismiss the Complaint filed by the Relator, Ray Dillahunty.

<u>**BRIEF IN SUPPORT**</u>

**I.        INTRODUCTION**

This case is being brought by the Relator, Ray Dillahunty, a disgruntled former 11-year employee of Chromalloy Oklahoma who was discharged as part of a company-wide reduction in force ("RIF") in December 2008.  (Complaint, ¶ 1, Doc. No. 1).  After having an unrelated EEOC charge dismissed August 21, 2008, the Relator filed this *qui*

*tam* action under the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA") on September 9, 2008, alleging that "Defendants have approved, certified, and presented certain airplane engine parts as serviced according to Specifications without actually and/or fully complying with the Specification." (Complaint, ¶ 1). The Government elected not to intervene in this case (Doc. No. 12), and it is being prosecuted solely by the Relator Dillahunty.[1]

The Relator's Complaint is fatally deficient on several levels. First, it fails to state a claim for relief under the Fed. R. Civ. P. 12(b)(6) standard identified in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Second, many of the claims are barred by the applicable statute of limitations. Finally, it does not meet the specificity requirements of Fed. R. Civ. P. 9(b). At the most basic level, the Relator has not even alleged that any Defendant breached a Government contract or the contracts' incorporated Technical Orders ("TOs"), much less alleged that Defendants defrauded the Government. He has instead only alleged a violation of internal company documents. In light of the fundamental problems presented in the Complaint, Defendants request that the Court dismiss the Complaint with prejudice.

---

[1] Although outside the scope of this Motion, the Relator has released his claims. In January 2009, four months after filing this lawsuit, the Relator executed a broad release and accepted a severance constituting a payment of 12 weeks' salary and a continuation of his medical, dental and vision insurance premiums until the end of February 2009. The Relator agreed "to forever waive and release any and all claims of any kind, which I have, had or may have against the Company, its current, former and future owners, parents, subsidiaries, and affiliates," etc. *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161 (10th Cir. 2009); *United States ex rel. Chandler v. Swords to Ploughshares,* No. C-96-0578-VRW, 1999 WL 144868 (N.D. Cal. March 11, 1999), *aff'd*, 242 F.3d 385 (9th Cir. 2000).

2

## II.    ARGUMENTS AND AUTHORITIES

### A.    THE RELATOR'S COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.

The Relator alleges that the Defendants violated 31 U.S.C. §§ 3729(a)(1) and (2), (Complaint, ¶ 28), which state that liability for the FCA can be found if a person:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; [or]

> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

To state a claim for a violation of the FCA, the Relator must at a minimum allege (1) a claim for payment from the Government, (2) that is false or fraudulent, and (3) that is made or carried out with the requisite knowledge. *United States v. Abbott Washroom Sys., Inc.*, 49 F.3d 619, 624 (10th Cir. 1995); *United States ex rel. Trim v. McKean*, 31 F. Supp. 2d 1308, 1315 (W.D. Okla. 1998); *see also United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (fraudulent inducement requires the plaintiff to allege that (1) "'there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due'").

In order to survive a Rule 12(b)(6) motion, a complaint must "provide the grounds of [plaintiff's] entitlement to relief" with "[f]actual allegations. . . enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 545 (internal citations, footnote and alterations

3

omitted).  Sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.*; *accord United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 715 n.17 (10th Cir. 2006) ("A bald assertion that a defendant has caused a false claim to be presented would plainly fail to state a claim for relief.").

In an FCA case, a plaintiff must allege well-pleaded facts showing that the defendant had the requisite knowledge to violate the FCA.  *See* 31 U.S.C. § 3729(b) (defining "knowledge" as actual knowledge, deliberate ignorance, or reckless disregard of truth or falsity).  Like Rule 9(b), this requirement necessarily means that a plaintiff must identify at least one knowing presentation of a false claim. *See Sikkenga*, 472 F.3d at 727 ("a defendant's presentation of a false or fraudulent claim to the Government is a central element of every False Claims Act case") (internal quotation marks omitted); *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002) *cert. denied*, 537 U.S. 1105 (2003).  And while "[t]he FCA does not define 'false' or 'fraudulent,' …its falsity and scienter requirements are inseparable." *United States ex rel. Morton v. A Plus Benefits, Inc.*, 139 Fed. Appx. 980, 982 (10th Cir. 2005).  Thus, "[a]t a minimum, the FCA requires proof of an objective falsehood"—that is, a claim for payment to which the defendant knows, or reasonably should know, he is not entitled.  *Id.*

The Relator may recite elements of the FCA, but he does not connect the dots and tie the FCA's elements to any concrete factual allegations.  There is not a single allegation of a breach of a contract or TO.  There is not an allegation of a false claim.

There is not an allegation of the knowing presentation of a false claim.  In light of all this, the Relator has not alleged or presented proof of an objective falsehood.

The Relator generally alleges that each of the "Defendants" failed to meet "Specifications" relating to work on certain airplane engine parts, including vanes, stators and blades.  (Complaint, ¶ 17).  Relator generally alleges that "Defendants contracted with the U.S. Government to repair various serviceable airplane engine parts according to Specifications in exchange for payment for those repairs."  (Complaint, ¶ 18) (emphasis added).

The Relator also identifies specific Government contracts, although he never alleges which Defendant actually contracted with the Government.  For example, in Paragraph 19 of the Complaint, the Relator identifies "United States Government Contract number F34601-03-D-0041 Statement of Work with Technical Order 2J-TF33-53-6; -53-7."  In Paragraph 20 of the Complaint, the Relator identifies "United States Government Contract number FA8104-05-D-0014 Statement of Work with Technical Order 2J-TF-33-53-6 & -53-7…."  The Relator continues through Paragraphs 21 – 25 to identify specific Government contracts, along with TOs incorporated into the contracts.[2] The contracts and TOs identify what the Government wants as a finished product, but they may not identify the precise means of accomplishing the Government's expected goals.

---

[2]  The Relator does not identify a Government contract number for the allegation contained in Paragraph 26 of the Complaint.

In construing the contracts, Chromalloy Oklahoma must interpret the contracts and TOs to decide the best means of fulfilling the Government's written expectations. To do so, Chromalloy Oklahoma has developed its own *internal* guidance (Chromalloy Division Oklahoma process specifications ("CDOs")) on how best to fulfill the requirements of each contract and TO. The Relator only alleges that Defendants supposedly violated the terms of internal CDOs. (*See, e.g.,* Complaint, ¶ 19(A)). He never alleges that these CDOs are part of the Government contracts or TOs. The Relator must plead a fraud case. The Relator never alleges that the Government relied upon the CDOs, nor does he allege that the Government confirms compliance with the CDOs before paying a claim. He has not even pled a breach of contract case. Thus, the Relator fails to state a claim.

Although the Relator's Complaint purports to allege that false claims were submitted because the work performed did not comply with the Government's contracts/TOs at issue, the Relator actually alleges that false claims were submitted because the work performed did not comply with the internal CDOs. For each substantive allegation, the Relator identifies a contract and TO, but instead of identifying a violation of either, the Relator instead identifies internal CDOs as the bases for the alleged false claims:

| Paragraph of Complaint | Contract Number/ Technical Order | Basis for Alleging False Claim |
|---|---|---|
| 19(A)-(D) | F34601-03-D-0041 2J-TF33-53-6 & 53-7 (TO) | CDO No. 2532– no Contract/TO alleged |
| 20(A) | FA8104-05-D-0014 2J-TF33-53-6 & 53-7 (TO) | CDO No. 2461 – no Contract/TO alleged |

6

| 21(A) | FA8104-05-D-0014<br>2J-TF33-53-6 & 53-7 (TO) | CDO No. 2542 – no Contract/TO alleged |
|---|---|---|
| 21(B) | FA8104-05-D-0014<br>2J-TF33-53-6 & 53-7 (TO) | CDO No. 4260 – no Contract/TO alleged |
| 22(A)-(D) | FA8104-06-D-0004<br>FA1608-00-D-0145<br>2J-F100-13-7-1 (TO) | CDO No. 2349 – no Contract/TO alleged |
| 23(A)-(C) | FA8104-06-D-0021<br>2J-F100-13-9 (TO) | CDO No. 2544 – no Contract/TO alleged |
| 24(A)-(B) | FA1608-00-D-0145<br>2J-F100-13-9 (TO) | CDO No. 2099 – no Contract/TO alleged |
| 25(A) | FA8104-06-D-0021<br>2J-F100-13-9 (TO) | CDO No. 2535 – no Contract/TO alleged |
| 26(A)-(B) | Contract number unknown<br>2J-TF39-3 (TO) | CDO No. 2410 – no Contract/TO alleged |

In each instance, the Relator identifies a contract, but alleges that the Defendants violated an internal CDO, *not* a contract or TO. For instance, in Paragraph 19(B) of the Complaint, the Relator alleges that CDO No. 2532 requires that a particular part (TF33 Turbine Vane, Stage 1) be blended using only a specific "marshmallow" blending stone. The Relator alleges that the Defendants violated the CDO by using "sanding discs" and more abrasive "blending stones" than the CDO permits. However, the Relator does not identify any language from contract F34601-03-D-0041 or TO 2J-TF33-53-6 & 53-7 that requires the use of the marshmallow blending stone. Accepting the Relator's allegations as is, it could be that the use of the marshmallow blending stone was an internal suggestion, not an external contractual requirement. On the face of the Relator's Complaint, the requirement identified in this particular paragraph is contained in the

7

CDO <u>only</u>.  So, even if the Defendants failed to heed the CDO, it would not be a false claim.

Paragraph 22(C) of the Complaint provides another example.  The Relator alleges that CDO No. 2349 requires the inspection of F100 Stage 1 Turbine Vane in the heat tinted condition within 24 hours.  The Relator alleges that the Defendants violated the CDO by failing to perform the required review.  But the Relator never alleges any language from contracts FA8104-06-D-0004 or FA1608-00-D-0145 or TO 2J-F100-13-7-1 that has been violated.  Instead, the Relator assumes, without alleging, that if the inspection was not conducted within 24 hours, the inspection must violate a contract or TO.

Every single one of the Relator's substantive allegations has the same defect.  While the Relator identifies contract numbers, he never identifies *why* or *how* any contract or TO was violated.  He fails to allege any fraudulent schemes to cheat the Government.  He instead refers only to internal CDOs, which the Relator fails to allege were relied upon by the Government.  In addition to there being no specific contractual requirements referenced, there are no claims for payment identified.  These allegations must be dismissed.

1.      **The Relator's Complaint Fails to Meet the Minimum Pleading Requirements of Rule 12(b)(6).**

To meet the requirements of Fed. R. Civ. P. 12(b)(6), the Relator must actually allege a claim for fraudulent conduct.  In other words, simply alleging that the Defendants failed to comply with CDOs does not even allege a breach of contract, much

8

less state a claim for fraudulent conduct. *United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1217 (10th Cir. 2008) (holding that under Rule 12(b)(6), the FCA requires a relator to submit a "legally fraudulent or false claim"); *see also Twombly*, 550 U.S. at 555 (2007).

The Relator's failure to state a claim is analogous to the United States Supreme Court's recent decision in *Twombly*, 550 U.S. at 545, which held that allegations of parallel business behavior are insufficient to state a claim under the Sherman Act. The Court reasoned that absent allegations of a contract, combination or conspiracy, an allegation of parallel conduct could be "consistent with conspiracy," but it was "just as much in line with a wide swath of rational and competitive business strategy…." *Id.* Just as the plaintiff in *Twombly* failed to allege "plausible grounds to infer an agreement…to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," *id.* at 556, the Relator has alleged conduct which could just as easily be consistent with the Government's contracts and TOs as to violate them. In other words, the Relator never alleges that a failure to comply with the internal CDOs is an automatic violation of the contracts. As importantly, the Relator never alleges why or how the alleged violations of the CDOs constituted fraudulent conduct.

The heaping of inferences and conclusory allegations, without a scintilla of factual support, does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As a result of the Relator's insufficient pleadings, the Court—and the Defendants—are simply "left wondering whether the plaintiff has offered mere

9

conjecture or a specifically pleaded allegation on an essential element of the lawsuit." *Clausen*, 290 F.3d at 1313.

In *Conner*, 543 F.3d at 1217, the court held that the "FCA recognizes two types of actionable claims – factually false claims and legally false claims."  A factually false claim is a "run-of-the-mill" situation where a relator must show that the "government payee has submitted 'an incorrect description of goods or services provided or a request for reimbursement for goods or services never provided.'"  *Id.* (*quoting Mikes v. Straus*, 274 F.3d 687, 697 (2d Cir. 2001)).  The other type of claims, legally false claims, requires a relator to "demonstrate that the defendant has 'certifie[d] compliance with a statute or regulation *as a condition* to government payment,' yet knowingly failed to comply with such statute or regulation."  *Id.*  Because the Relator does not even identify facts sufficient to apprise the Court of the alleged fraud, the Relator has not alleged facts showing either factually false claims or legally false claims.

The Relator has failed to state a claim for which relief can be granted by the Court. The Complaint should be dismissed.

### 2.    The Relator has Only Identified Contracts Between Chromalloy Gas Turbine Corporation and the Government.

As stated, the Relator identifies contract numbers for the allegations contained in Paragraphs 19-25 of the Complaint.  The Defendants attach as Exhibits "1" through "6" the first page of each contract identified by the Relator, all of which clearly reflect that the Government's contracts were with Chromalloy Gas Turbine Corporation *only*.  None of the other Defendants included in the Relator's Complaint are shown as parties to these

contracts with the Government, meaning all of these other Defendants should be dismissed with prejudice to refiling.

The Court can properly consider the first page of each of these contracts without converting this Motion to Dismiss into a Motion for Summary Judgment.  In evaluating a motion to dismiss for failure to state a claim, district courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090 (10th Cir. 2009); *Pace v. Swerdlow*, 519 F.3d 1067 (10th Cir. 2008).

Although the Relator's Complaint should be dismissed as to every named Defendant, it is clear that the Relator did not know which party to name, so he simply named every conceivable party that from the Carlyle Group at the top to Chromalloy Oklahoma at the bottom.  Therefore the Defendants ask that the Court hold that the Relator has failed to state a claim against Chromalloy Gas Turbine L.L.C., Sequa Corporation and The Carlyle Group with prejudice to refiling.  None of the contracts alleged by the Relator involve these particular parties.

**3.    Paragraphs 20(B), 21(C), 22(E), 23(D), 24(C) and 26(C) of the Relator's Complaint Contain Allegations that are Barred by the FCA's Statute of Limitations.**

Many of the Relator's allegations are barred by the FCA's statute of limitations, 31 U.S.C. § 3731(b), which states:

> A civil action under section 3730 may not be brought—
>
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

The controlling statute of limitations is six years, as stated in Section 3731(b)(1). Because the Government has not intervened in this case, Section 3731(b)(2) is inapplicable. *Sikkenga*, 472 F.3d at 724-26 ("…[W]e hold that § 3731(b)(2) was not intended to apply to private qui tam relators at all. We recognize that this interpretation creates the possibility that a relator who learns of fraudulent activity seven years after it occurs would be barred from bringing suit"). *Id*. at 725

As discussed above, the Relator failed to identify a single false claim that was submitted to the Government for payment, nor has he identified how any of the Defendants made, used or caused a false record or statement to get a false claim paid or approved by the Government. However, the face of Relator's Complaint identifies that many of the purportedly false claims must have been submitted prior to the FCA's six-year statute of limitations.

For example, in Paragraph 20(B), the Relator alleges approximately 13,700 parts have been serviced since Oct. 30, 1995 (approximately 13 years ago). In Paragraph 21(C), the Relator alleges approximately 9,400 parts have been serviced over the past 13 years. In Paragraph 22(E), the Relator alleges that approximately 68,000 parts have been serviced since June 23, 1991 (approximately 17 years ago). Paragraph 23(D) of the

Complaint alleges that for about 10 years the service has been performed on approximately 60,000 parts. Paragraph 24(C) alleges that "somewhere between 1998 and 2005," approximately 21,000 parts have been serviced.[3] Finally, Paragraph 26(C) alleges that approximately 190,000 parts have been serviced since May 5, 1993 (approximately 15 years ago).

To the extent that the Relator's allegations involve claims submitted more than six years from the date of the filing Relator's Complaint, the Court should dismiss them as barred by the six-year statute of limitations.

**B.     THE RELATOR'S COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY AND SHOULD BE DISMISSED.**

There are rigorous pleading standards that a plaintiff must meet when bringing a case under the FCA. Notwithstanding a Complaint that at first blush appears very technical and contains many dire threats and unsupported allegations of harm, the Relator has failed to provide the specifics required under Fed. R. Civ. P. 9(b).

**1.     The Relator's Complaint Fails to Plead the Who, What, When, Where and How.**

Rule 9(b)'s "heightened pleading requirements apply to actions under the FCA," and require that "the circumstances constituting fraud or mistake [to] be stated with particularity." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726 (10th Cir. 2006) (quoting Fed. R. Civ. P. 9(b)). At a minimum, a plaintiff must "set forth the **who**, **what**, **when**, **where** and **how** of the alleged fraud," *id.* at 727 (internal

---

[3] Paragraph 24(C)'s allegations demonstrate clearly the deficiencies of the Relator's Complaint. The Relator will be unable to allege specific false claims if he cannot identify when parts were serviced over an eight-year time period.

quotation marks omitted) (emphasis added), that is, "the **time**, **place** and **contents** of the false representation, the **identity of the party making the false statements** and the consequences thereof." *Id. Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (internal quotation marks omitted), *cert. denied*, 549 U.S. 1209 (2007) (emphasis added).

The Relator's Complaint falls far short of these minimum requirements.  The Relator generally alleges that five different Defendants all submitted false claims over a number of years and applying to eight different parts.  This Complaint has huge holes.

**Who** specifically submitted these alleged false claims?  Reading the Complaint, it is impossible to tell because the Relator does not even allege which specific Defendant had the contracts with the Government, let alone which specific people employed by the Defendants submitted the claims to the Government.

**What** was the alleged fraud?  Again, the Relator identifies some CDOs that he alleges were not followed.  However, this does not equate to a fraud perpetrated on the Government.  At best, it alleges that the one or more of the Defendants should consider whether their internal CDOs conform to existing internal practices.

**When** were these false claims submitted?  The Relator leaves this specific question unanswered and instead identifies long stretches of time (often, more than a decade) when he believes that false claims were submitted.  However, he never identifies a specific date when a specific false claim was submitted to the Government.  To make such an allegation, presumably the Relator would also have to know who submitted the claim and what made the claim false.  However, it is apparent the Relator simply does not have this knowledge.

14

**Where** did the fraud occur?  And **how** were the fraudulent claims submitted?  The Relator's Complaint does not answer these questions.

> 2.     **The Relator's Complaint Fails to Plead a Claim for Payment Under the FCA.**

The Relator's allegations do not constitute a claim for payment under the FCA. They are instead "basic allegations" without "specific details," lacking "specific dollar amounts" and absent "documentation or reference to specific, identifiable records.…" *United States ex rel. Lacy v. New Horizons, Inc.*, No. CIV-07-0137-HE, 2008 WL 4415648, at *2 (W.D. Okla. Sept. 25, 2008).  There is simply "no indication of the specific amount that ultimately was overcharged to the government" and there is no indication of payment or reimbursement requests required by FCA claims.  *Id.* at *2-*3.

The "'true essence of the fraud' of a False Claims Act action involves an actual claim for payment."  *Clausen*, 290 F.3d at 1312 n.21. Thus, an FCA plaintiff must not only explain "what" makes a claim false, but also "who,…when, where and how" the claim was submitted for a fraudulent payment. Rule 9(b) thus requires "some indicia of reliability . . . in the complaint to support the allegation of an *actual false claim* for payment being made to the Government." *Id.* at 1311 (emphasis in original); *see also Sikkenga*, 472 F.3d at 727; *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 232 (1st Cir.) *cert. denied*, 543 U.S. 820 (2004) *United States ex rel., Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) ("It is not enough for [relator] 'to describe a private scheme in detail but then to allege simply…that claims requesting illegal payments must have been submitted.'").

An FCA claim falls short of Rule 9(b) where "[n]o copy of a single bill or payment [is] provided." *Clausen*, 290 F.3d at 1312"; *see also United States ex rel. Tucker v. Nayak*, No. 06-CV-662-JPG, 2008 WL 140948, at *4 (S.D. Ill. Jan. 11, 2008) (requiring "representative examples" of actual false claims for payment).  In this case, there are no examples of a claim for payment, false or otherwise.

The FCA and Rule 9(b) also require a supportable allegation of scienter. Not only must there be proof of a false claim, but there must also be proof that a particular defendant knowingly presented that claim to the Government, knowing it to be false (or, in the least, in reckless disregard of its truth or falsity).  *United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 742 (7th Cir. 2007), *cert. denied*, 128 S.Ct. 1246 (2008).  In other words, Rule 9(b) requires "information addressing whether [Defendants] knowingly took any improper actions sufficient to implicate the False Claims Act." *Id.*

Here, there are important fact allegations missing and it is impossible to tell how any of the Defendants allegedly defrauded the Government.  The Relator alleges no actual claims for payment and submits no evidence that a fraudulent claim was ever submitted for payment.  At best, the Relator assumes that the CDOs are part of the contract, though the Relator has not alleged this and it would be a mistaken allegation in any event.  Even accepting these allegations as true, the Relator falls far short of the particularity requirements of Rule 9(b).  The Relator is merely acting on his own assumptions.  FCA claims cannot rest on mere "assumptions" without "stripping all meaning from Rule 9(b)." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (quoting *Clausen*, 290 F.3d at, 1312 n.21); *see also Fowler*, 496 F.3d at

16

742 (a complaint is deficient for "assuming, without any [factual] support," that the picture of the fraud was complete). The "probabilit[y]" of a false claim does not suffice. *Tucker*, 2008 WL 140948, at *4.

### 3. The Relator's Complaint Fails to Plead an Objective Falsehood.

To be clear, the Relator has not plead an objective falsehood. Indeed, the Relator has several rudimentary obstacles to overcome (like identifying how any contract was violated and the party to the contract) before he can even get to the point of trying to allege an objective falsehood. Nonetheless, if the Relator ever gets to this point, a claim under the FCA requires "the knowing presentation of what is known to be false." *Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1478 (9th Cir.), *cert. denied*, 519 U.S. 865 (1996) (internal quotation marks omitted); *see also Wilson*, 525 F.3d at 376-77 (*citing United States ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999)). Ultimately, then, "liability under the FCA must be predicated on an objectively verifiable fact." *United States ex rel. Morton v. A Plus Benefits, Inc.*, 139 Fed. Appx 980, 983 (10th Cir. 2005).

An FCA allegation cannot satisfy the stringent requirements of Rule 9(b) by simply stating a "hunch," or even a "genuine conviction that something…is just not right." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, No. 2:99-CV-00086, 2007 WL 2713913, at *4, *6 (D. Utah, Sept. 12, 2007). Importantly to this case, "'allegations of poor and inefficient management of contractual duties' are 'not actionable under the [FCA].'" *Wilson*, 525 F.3d at 377 (*quoting Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999)). Likewise,

17

"'imprecise statements or differences in interpretation growing out of a disputed legal question are similarly not false under the FCA.'"   *Wilson*, 525 F.3d at 377 (*quoting Lamers*, 168 F.3d at 1018); *cf. GEICO General Insurance Co. v. Edo,* 127 S. Ct. 2201 (2007).

*Wilson* bears a remarkable similarity to this case, though at least in *Wilson*, the relators attempted to identify a contractual document that they believed the defense contractor had violated.[4]  In affirming the dismissal of the relators' claims, the court held that mere allegations of poor and inefficient management of contractual duties are not actionable under the FCA.   *Id.* at 377 (citations and quotations omitted).   Likewise, imprecise statements or differences in interpretation growing out of a disputed legal question are similarly not false under the FCA.   *Id.* (citations and quotations omitted).   "An FCA relator cannot base a fraud claim on nothing more than his own interpretation of an imprecise contractual provision."   *Wilson*, 525 F.3d at 378.

The Relator is subjectively interpreting Government contracts and TOs and assuming that the Defendants submitted false claims.   He never identifies a single specific false claim.   Indeed, from the allegations provided it appears that the Relator wants the Court to *assume* that the Defendants are somehow violating the contracts or TOs at issue merely because the Relator alleges that the CDOs were not followed.

---

[4] Although Defendants include the discussion of *Wilson* under their Rule 9(b) argument, the Fourth Circuit relied both upon Rules 9(b) and 12(b)(6) in dismissing the relators' claims.  The Defendants would ask the Court to apply their discussion of *Wilson* to their arguments arising under Rule 12(b)(6), too.

18

However, the Relator has not alleged an objective falsehood, and the Relator has not shown how his allegations were material to the Government.

The Relator has not met the pleading requirements of Rule 9(b), and his Complaint should be dismissed.  Likewise, the Relator fails to meet Fed. R. Civ. P. 12(b)(6).

### III.   CONCLUSION

For the reasons stated, Defendants Chromalloy Oklahoma, Chromalloy Gas Turbine Corporation, Chromalloy Gas Turbine LLC and Sequa Corporation respectfully request that the Court sustain their Motion to Dismiss.

*/s/ John N. Hermes*
John N. Hermes, OBA #4133
Timothy J. Bomhoff, OBA #13172
M. Richard Mullins, OBA #13329
Ronald T. Shinn Jr., OBA #19569
McAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:   (405) 552-2258
Facsimile:    (405) 228-7458
Email: john.hermes@mcafeetaft.com
Email: richard.mullins@mcafeetaft.com
Email: tim.bomhoff@mcafeetaft.com
Email: ron.shinn@mcafeetaft.com

and

Roger S. Goldman, DC #333294
Kyle F. Jefcoat, DC #492380
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004-1304
Telephone:   (202) 637-2200
Facsimile:   (202) 637-2201
Email: roger.goldman@lw.com
Email: kyle.jefcoat@lw.com

*ATTORNEYS FOR DEFENDANTS*
*CHROMALLOY OKLAHOMA, CHROMALLOY*
*GAS TURBINE CORPORATION,*
*CHROMALLOY GAS TURBINE LLC AND*
*SEQUA CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to any ECF registrants for this case:

David W Van Meter
Van Meter Law Firm
501 N Walker Ave
Suite 120
Oklahoma City, OK 73102
Tel:    (405) 228-4949
Fax:    (405) 228-4945
Email: david@vanmeterlawfirm.com
*ATTORNEY FOR PLAINTIFF*

I also hereby certify that on this 27th day of May, 2009, I served the attached document by email, to the following, who is not shown as a registered participant in this action.

Robert C. Bradford
Assistant U.S. Attorney
United States Attorney's Office
Western District of Oklahoma
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Tel:    (405) 553-8700
Fax:    (405) 553-8885
Email: Robert.Bradford@usdoj.gov

*/s/ John N. Hermes*
John N. Hermes

4271335_4.DOC