IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* RAY DILLAHUNTY, )<br>   )<br>   Plaintiff/Relator,   )<br>   )<br>v.   )<br>   )<br>CHROMALLOY OKLAHOMA, a   )<br>division of CHROMALLOY GAS   )<br>TURBINE CORPORATION;   )<br>CHROMALLOY GAS TURBINE   )<br>CORPORATION; CHROMALLOY   )<br>GAS TURBINE LLC; SEQUA   )<br>CORPORATION; and THE   )<br>CARLYLE GROUP,   )<br>   )<br>   Defendants.   ) | No. CIV-08-944-L |

# **O R D E R**

Relator, Ray Dillahunty, filed this *qui tam* action on September 9, 2008, seeking relief under the False Claims Act, 31 U.S.C. § 3730(b)(1).  On March 16, 2009, the government filed its Notice of Election to Decline Intervention (Doc. No. 11).  Since then, this action has been prosecuted by Dillahunty against defendants Chromalloy Oklahoma, Chromalloy Gas Turbine Corp., Chromalloy Gas Turbine LLC, Sequa Corporation, and The Carlyle Group.  Dillahunty alleges defendants defrauded the United States by approving, certifying, and presenting "certain airplane engine parts as serviced according to Specifications without actually and/or fully complying with the Specification."  Qui Tam Complaint at ¶ 1 (Doc. No. 1).

This matter is before the court on two motions dismiss presented by the defendants. The Carlyle Group seeks dismissal for lack of personal jurisdiction. In the alternative, The Carlyle Group joins in the motion to dismiss for failure to state a claim and failure to plead fraud with particularity presented by the remaining defendants. For the reasons set forth below, the court denies The Carlyle Group's motion to dismiss for lack of jurisdiction, but grants the motion to dismiss for failure to state a claim and failure to plead fraud with particularity.

Using the traditional test for long-arm jurisdiction,[1] The Carlyle Group contends jurisdiction is lacking because it has "virtually no connection to the State of Oklahoma." Defendant The Carlyle Group's Motion to Dismiss and Brief in Support at 3 (Doc. No. 30). In support of this contention, it offers the declaration of its general counsel, Jeffrey W. Ferguson, who states that The Carlyle Group is not registered to business in Oklahoma, does not own or lease property in the state, and does not advertise any products or services in the state. Declaration of Jeffrey W. Ferguson at ¶¶ 11-14. As Dillahunty's complaint is premised on alleged violations of the False Claims Act, however, the traditional long-arm jurisdictional analysis does not apply. Under that analysis, it is the plaintiff's burden to prove the court has

---

[1]This test examines the defendant's contacts with the forum state. *See* International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996). If those contacts are substantial, continuous, and systematic, the court may exercise personal jurisdiction over the defendant even if the action is unrelated to defendant's contacts with the state. On the other hand, if a defendant's contacts are not substantial and systematic, the court may only exercise jurisdiction over an absent defendant under a state's long-arm statute if the action arises out of the defendant's contacts with the state. Trujillo v. Williams, 465 F.3d 1210, 1218 (10th Cir. 2006).

jurisdiction pursuant to the forum state's long-arm statute.  *See* Behagen v. Amateur Basketball Ass'n of the United States, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985). When a federal statute authorizes nationwide service of process, however, "[t]he burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will 'make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent.'" Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1212 (10th Cir. 2000) (*quoting* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). Despite The Carlyle Group's arguments to the contrary,[2] the False Claims Act clearly authorizes nationwide service of process.  In fact, under the Act, worldwide service of process is permitted as an action

> may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred.  A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

31 U.S.C. § 3732(a).

---

[2]The Carlyle Group's contention that the statute's reference to "the appropriate district court" refers to a court that "has venue, subject-matter jurisdiction, *and* personal jurisdiction over the defendant" based on long-arm statute analysis is circular and non-sensical. Defendant The Carlyle Group's Response Brief to the Court's Order for Additional Briefing on Defendant's Motion to Dismiss at 3 (emphasis in original) (Doc. No. 50).  Moreover, the cases cited by defendant are completely distinguishable and offer no support for this proposition.

In *Peay* the Court of Appeals enunciated the standard for determining whether the exercise of jurisdiction comports with due process considerations. The Court held that

> in evaluating whether the defendant has met his burden "of establishing constitutionally significant inconvenience," courts should consider the following factors: (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

Peay, 205 F.3d at 1212 (citations omitted). The Court cautioned "'that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern.'" Id. (*quoting* Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 947 (11th Cir. 1997)).

Based on this standard, the court finds The Carlyle Group has not met its burden of proving that litigating in this district would actually infringe its liberty interests. *See* Peay at 1212. First, while it appears defendant's contacts with the State of Oklahoma are attenuated, this factor alone is not sufficient to tip the constitutional balance when considered in light of the remaining factors. Moreover,

4

"the Tenth Circuit has not held that a lack of contacts with the chosen forum by itself is sufficient to establish that jurisdiction does not comport with Fifth Amendment due process principles." United States ex rel. Little v. Eni Petroleum Co. Inc., 2007 WL 2254319 at *2 (W.D. Okla. 2007). With respect to the second factor, The Carlyle Group has made no effort to show that defending in this jurisdiction would be inconvenient given the nature and extent of its business. Given modern technology, including almost instantaneous access to documents filed in this case, any inconvenience would be slight. Moreover, The Carlyle Group cannot argue its access to counsel is at risk, as it has already retained counsel in Oklahoma City to represent it. Judicial economy would clearly be served by having this action determined in one forum, rather than through piecemeal litigation. As the Chromalloy plant where the alleged fraud occurred is in Oklahoma, this state should be the focus of much of the discovery in this action, both in terms of documents and witnesses. Finally, as the jet engine parts that are at the heart of this action are shipped throughout the country, defendant's alleged actions have impact beyond the borders of The Carlyle's Group's principal place of business in Washington, D.C.

Analysis of the *Peay* factors leads the court to conclude that The Carlyle Group has failed to sustain its burden of proving that the exercise of jurisdiction in this forum would violate its Fifth Amendment due process rights. *See* Peay, 205 F.3d at 1212. The court therefore DENIES Defendant The Carlyle Group's Motion to Dismiss (Doc. No. 30). This decision, however, does not end the court's analysis

because The Carlyle Group joins in the motion to dismiss presented by the remaining defendants. Defendants seek dismissal under both Rule 12(b)(6) for failure to state a claim and Rule 9(b) for failure to plead fraud with particularity.

A complaint should not be dismissed for failure to state a claim unless it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In assessing whether a claim is plausible, the court must construe the complaint in the light most favorable to the plaintiff and must presume all factual allegations to be true. Id. at 1965; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Moreover, if the allegations of the complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma *ex rel.* Dept. of Human Services, 519 F.3d 1242, 1247 (10th Cir. 2008). In assessing whether a complaint complies with the pleading requirements, the court may consider documents referred to in the complaint if those documents are central to plaintiff's

claims and the parties do not dispute their authenticity. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud". Fed. R. Civ. P. 9(b). To do so, a complaint must

> "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). Rule 9(b)'s purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (quotation omitted), *implied overruling on other grounds recognized by, Seolas v. Bilzerian*, 951 F. Supp. 978, 981-82 (D. Utah 1997).

Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236-37 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000).

Based on these standards, the court has examined Dillahunty's complaint and finds it deficient. Dillahunty's claims are based on the theory that defendants submitted legally false claims to the government; each of his claims alleges that "Defendants have Approved, Certified, and presented the subject parts as serviced according to Specifications without actually and/or fully complying with the Specifications". Complaint at ¶¶ 19E, 20B, 21C, 22E, 23D, 24C, 25B, 26C. To state a claim based on this theory, Dillahunty must "demonstrate that the defendant has 'certifie[d] compliance with a statute or regulation *as a condition* to government payment,' yet knowingly failed to comply with such statute or regulation." United

States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211, 1217 (10th Cir. 2008) (emphasis in original) (*quoting* Mikes v. Straus, 274 F.3d 687, 697 (2d Cir. 2001)). Dillahunty's complaint, however, contains no allegations that the Chromalloy Division Oklahoma process specifications were required by statute or regulation or even that they were incorporated into the government contracts at issue.[3] Likewise, the complaint contains no allegations that payment of the contracts was conditioned on defendants' compliance with the specifications, nor that compliance with the process specifications was "material to the government's decision to pay". United States *ex rel.* Hendow v. University of Phoenix, 461 F.3d 1166, 1172 (9th Cir. 2006), *cert. denied*, 550 U.S. 903 (2007) (*quoted in* Conner, 543 F.3d at 1219). These deficiencies are fatal to Dillahunty's claims under the False Claims Act.

In addition, the court finds Dillahunty's complaint fails to plead fraud with the particularity required by Rule 9. Although the complaint names five companies as defendants, it makes no attempt to indicate which company made allegedly false representations and when those representations were made. Rather, the complaint simply contains conclusory allegations that

> Defendants, by and through their officers, agents, and employees, subsidiaries and divisions: (i) knowingly presented, or caused to be presented, to the United States

---

[3] Dillahunty's allegation that the process specifications were developed "in compliance with the Government Contract", *see, e.g.,* Complaint at ¶ 19B, is not sufficient to indicate the specifications were part of the bargain between defendants and the government. Moreover, there are no allegations the process specifications required government approval or that the government was even aware of the process specifications at issue.

> Government, false or fraudulent claims for payment or approval; and (ii) knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Government.
>
> Defendants authorized and ratified all the violations of the False Claims Act committed by its [sic] various officers, agents, and employees, subsidiaries and divisions.

Complaint at ¶¶ 28-29.[4] Because Dillahunty fails to differentiate between and among the defendants, defendants do not individually have fair notice of the claims against them or the factual basis for those claims. Moreover, the complaint contains only generalized allegations that defendants "have billed and been paid by the Government"[5] for various parts. Dillahunty does not provide any details such as the dates of the invoices, the contents of the billing statements – including whether the statements contained certifications of compliance with the process specifications – or the companies involved in the billings. Indeed, the complaint as plead does not even allege the submission of any actual claims to the government. It is thus insufficient. *See* United States *ex rel.* Sikkenga v. Regence BlueCross BlueShield of Utah, 472 F.3d 702, 727-28 (10th Cir. 2006).

In sum, Defendant The Carlyle Group's Motion to Dismiss for lack of personal jurisdiction (Doc. No. 30) is DENIED; its alternative motion to dismiss for failure to state a claim and failure to plead fraud with particularity is, however, granted.

---

[4]Given the conclusory nature of these allegations, they "are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950.

[5]Complaint at ¶ 19E.

Likewise, Defendants' Motion to Dismiss (Doc. No. 31) is GRANTED. This action is therefore dismissed as to all defendants. The court, however, grants the relator leave to file an amended complaint within **twenty (20) days** of the date of this order. Defendants' Motion for Leave of Court for Each Defendant to File More Than One Motion for Summary Judgment (Doc. NO. 32) is DENIED as moot.

It is so ordered this 16th day of November, 2009.

*Tim Leonard*
TIM LEONARD
United States District Judge