## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. RAY DILLAHUNTY,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**CHROMALLOY OKLAHOMA, a division of CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE LLC; SEQUA CORPORATION; and THE CARLYLE GROUP,**<br><br>    **Defendants.** | **Case No. 08-CV-944-L** |

## DEFENDANTS' MOTION TO DISMISS AMENDED *QUI TAM* COMPLAINT AND BRIEF IN SUPPORT

## MOTION

Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), Defendants Chromalloy Gas Turbine Corporation, Chromalloy Gas Turbine, LLC, Chromalloy Oklahoma, a division of Chromalloy Gas Turbine Corporation, Sequa Corporation and The Carlyle Group respectfully move the Court to dismiss the Amended *Qui Tam* Complaint filed by the Relator, Ray Dillahunty, with prejudice to refiling.

## BRIEF IN SUPPORT

## I.    INTRODUCTION

In its November 16, 2009 Order, the Court held that the Relator's Complaint suffered significant defects.  These defects included:

•The Complaint contained only "generalized allegations that defendants 'have billed and been paid by the Government' for various parts." <u>See</u> Order, p. 9.  There were no allegations containing "any details such as the dates of the invoices, the contents of the billing statements – including whether the statements contained certifications of compliance with the process specifications – or the companies involved in the billings." <u>Id.</u>  "[T]he complaint as plead [did] not even allege the submission of any actual claims to the government.  It is thus insufficient."  <u>Id.</u> (*citing* <u>United States *ex rel.* Sikkenga v. Regence BlueCross BlueShield of Utah</u>, 472 F.3d 702, 727-28 (10th Cir. 2006).[1]

•The Relator "fail[ed] to differentiate between and among the defendants," meaning the "defendants [did] not individually have fair notice of the claims against them or the factual basis for those claims."  <u>See</u> Order, p. 9.  <u>Accord</u> <u>United States *ex rel.* Costner v. United States</u>, 317 F.3d 883, 889 (8th Cir. 2003).

•The Relator did not cite a specific statute or regulation relied upon as a condition to Government payment.  <u>See</u> Order, pp. 7-8 (*quoting* <u>United States *ex rel.* Conner v. Salina Reg'l Health Ctr.</u>, 543 F.3d 1211, 1217 (10th Cir. 2008) (*quoting* <u>Mikes v. Straus</u>, 274 F.3d 687, 697 (2d Cir. 2001)).  Moreover, the Relator did not allege that the Chromalloy Division Oklahoma internal process specifications were required by statute or regulation, nor did the Relator even show how the process specifications were incorporated into the Government contracts at issue.  <u>See</u> Order, p. 8. The Complaint

---

[1] The heightened pleading standards of Fed. R. Civ. P. 9(b) apply to actions arising under the FCA.  <u>Sikkenga</u>, 472 F.3d at 726.  At a minimum, an FCA plaintiff must "set forth the who, what, when, where and how of the alleged fraud," with the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  <u>Id.</u>

"contain[ed] no allegations that payment of the contracts was conditioned on Defendants' compliance with the specifications, nor that compliance with the process specifications was 'material to the government's decision to pay.'" Id. (*quoting* United States *ex rel.* Hendow v. University of Phoenix, 461 F.3d 1166, 1172 (9th Cir. 2006), *cert. denied*, 550 U.S. 903 (2007) (*quoted in* Conner, 543 F.3d at 1219).[2]

These fatal defects still exist, and warrant the dismissal of the Amended Complaint with prejudice.  Although the Relator attempted to amend his Complaint, the changes are immaterial and do not respond to the clear guidance that the Court provided in its Order.  See Differences between first Complaint [Doc. No. 1] and Amended Complaint [Doc. No. 56], attached as Exhibit "1."  United States *ex rel.* Brooks v. Lockheed Martin Corp., 423 F. Supp. 2d 522, 527 (D. Md. 2006), aff'd in part & dismissed in part, 237 Fed. Appx. 802 (4th Cir. 2007).  The Amended Complaint should also be dismissed.

## II.     ARGUMENTS AND AUTHORITIES

### A.     The Amended Complaint Fails to Allege That Defendants Billed or Invoiced the Government.

The Amended Complaint does not cure any of the deficiencies identified in the Court's November 16, 2009 Order [Doc. No. 52].  First, the Amended Complaint – just like the original Complaint – contains only "generalized allegations that defendants 'have

---

[2] In note 3 at page 8 of the Order, the Court also observed that even though the Relator alleged that the process specifications were developed "in compliance with the Government contract," this was insufficient to indicate that the specifications were part of the bargain between Defendants and the Government.  The Court further noted that there were no allegations that the process specifications required Government approval or that the Government was even aware of the process specifications at issue.

billed and been paid by the Government' for various parts." <u>See</u> Order, p. 9.  There are still no allegations containing "any details such as the dates of the invoices, the contents of the billing statements – including whether the statements contained certifications of compliance with the process specifications – or the companies involved in the billings." <u>Id.</u>

The Relator's allegations are instead "basic allegations" without "specific details," lacking "specific dollar amounts" and absent "documentation or reference to specific, identifiable records.…"  <u>United States ex rel. Lacy v. New Horizons, Inc.</u>, No. CIV-07-0137-HE, 2008 WL 4415648, at *2 (W.D. Okla. Sept. 25, 2008), <u>aff'd</u>, No. 08-6248, 2009 WL 3241299 (10th Cir. Oct. 9, 2009).  There is simply "no indication of the specific amount that ultimately was overcharged to the government" and there is no indication of payment or reimbursement requests required to state an FCA claim.  <u>Id.</u> at *2-*3.

Evidence of an actual false claim is the *sine qua non* of a FCA violation.  <u>United States ex rel. Frazier v. Iasis Healthcare Corp.</u>, 554 F. Supp. 2d 966, 971 (D. Ariz. 2008) (*quoting* <u>U.S. v. Kitsap Physicians Serv.</u>, 314 F.3d 995, 1002 (9th Cir. 2002)). A court "cannot assume that the Plaintiffs can prove any fact that is not alleged."  <u>United States ex rel. Bartlett v. Tyrone Hosp., Inc.</u>, 234 F.R.D. 113, 117 (W.D. Pa. 2006).  Here the Relator has not identified a single purported false claim that was actually submitted to the Government.  <u>Sikkenga</u>, 472 F.3d at 715 n.17, 727; <u>United States ex rel. Crews v. NCS Healthcare of Ill., Inc.</u>, 460 F.3d 853, 856 & 858 (7th Cir. 2006); <u>United States ex rel. Quinn v. Omnicare, Inc.</u>, 382 F.3d 432 (3d Cir. 2004); <u>United States ex rel. Aflatooni v.</u>

Kitsap Physicians Serv., 314 F.3d 995 (9th Cir. 2002).  As this Court recognized, an FCA claim falls short of Rule 9(b) where there is no specific allegation regarding the actual submission of a claim.  United States *ex rel.* Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1312 (11th Cir. 2002), cert. denied, 537 U.S. 1105 (2003).

Apparently lacking the ability to allege any actual claim submitted to the United States, the Relator cites to regulatory provisions relating to the use of a DD Form 250. Amended Complaint, ¶ 33.  Of course, allegations regarding a blank government form and speculation as to its possible use are in no way a substitute for specific allegations regarding an actual claim.  A blank form is proof of nothing.  More importantly, as the Amended Complaint itself notes, a DD 250 is used in the context of documenting quality assurance. The Complaint does not and cannot allege that even the unspecified DD 250s he asserts must have been used are demands for payment that would meet the requirement of alleging an actual claim.

The Court deemed the first Complaint "insufficient" because it did not "even allege the submission of any actual claims to the government."  See Order, p. 9.  The Amended Complaint is equally insufficient.

**B.     The Relator Still Does Not Differentiate Among
           the Roles Assumed by or Actions Taken by Each Defendant.**

The Relator still has not differentiated between and among Defendants, notwithstanding the Court's Order.  Here, the Relator asks the Court to assume that one or more of these five Defendants submitted allegedly false claims to the Government.  To avoid identifying the specific "who," the Relator repeatedly alleges "Chromalloy/Sequa"

in the Amended Complaint.  Although the Amended Complaint is lengthy with many exhibits, it still only reflects the Relator's speculative assumptions, which renders the Amended Complaint fatally deficient.

Because all five Defendants remain a part of this lawsuit, and there is no allegation that all five submitted allegedly false claims, "defendants do not individually have fair notice of the claims against them or the factual basis for those claims."  See Order, p. 9.

**C.     The Amended Complaint Still Fails to Allege a Violation of a Contract, Regulation, or Statute and Should Be Dismissed With Prejudice.**

The Amended Complaint relies strictly upon allegations that the CDOs were violated.  However, the Relator has not meaningfully alleged that the CDOs were required by statute or regulation, nor did the Relator show how the CDOs were incorporated into the Government contracts at issue.

To meet the requirements of Fed. R. Civ. P. 12(b)(6), the Relator must actually allege a claim for fraudulent conduct.  In other words, simply alleging that Defendants failed to comply with CDOs does not even allege a breach of contract, much less state a claim for fraudulent conduct.  Conner, 543 F.3d at 1217 (holding that under Rule 12(b)(6), the FCA requires a relator to submit a "legally fraudulent or false claim"); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The heaping of inferences and conclusory allegations, without a scintilla of factual support, does not "raise a right to relief above the speculative level." Id.  As a result of the Relator's insufficient pleadings, Defendants are "left wondering whether the plaintiff has offered mere conjecture or a

specifically pleaded allegation on an essential element of the lawsuit." <u>Clausen</u>, 290 F.3d at 1313.

FCA claims cannot rest on mere "assumptions" without "stripping all meaning from Rule 9(b)." <u>United States *ex rel*. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006). The "probabilit[y]" of a false claim does not suffice. <u>United States *ex rel*. Tucker v. Nayak</u>, No. 06-CV-662-JPG, 2008 WL 140948, at *4 (S.D. Ill. Jan. 11, 2008).

While the Relator admittedly alleges that the CDOs somehow became "part of and incorporated into the Government Contracts," the Relator never explains the process by which the CDOs were incorporated into the contracts. In fact, the Relator never alleges that any of the contracts at issue were modified or amended to incorporate the CDOs. Instead, the Relator alleged that the Government offered a Solicitation for Contract, which included a Technical Order, a Work Package and Technical Procedures/Technical Instructions. <u>See</u> Amended Complaint, ¶ 21 (B). The Relator then alleges that "Chromalloy/Sequa accepted the offer and was awarded the Contract…." <u>Id.</u>, ¶ 21 (D). The Relator's allegations are clear that the CDOs were written only <u>after</u> "Chromalloy/Sequa" accepted the offer. The Relator then alleges that the CDOs were "part of and incorporated into the Government Contracts." <u>Id.</u>

The Relator never alleges that the contracts at issue in this case were modified and/or amended to include the CDOs. He does not even allege that the Government knew about them or somehow relied on them. However, if the CDOs were written <u>after</u> the contract was offered and accepted, as Relator alleges, the incorporation of the CDOs would have to be after the contract was executed, and any amendment or modification of

a Government contract must be in writing.  In fact, there is a specific form that the Government requires contractors to use when a contract is modified or amended.  See 48 C.F.R. § 53.243[3], which states:

> SF [Standard Form] 30 is prescribed for use in amending invitation for bids, as specified in 14.208; modifying purchase and delivery orders, as specified in 13.302–3; and modifying contracts, as specified in 42.1203(h), 43.301, 49.602–5, and elsewhere in this chapter. The form may also be used to amend solicitations for negotiated contracts, as specified in 15.210(b).

The Relator did not attach as an exhibit to the Amended Complaint any documentation evidencing an amendment or modification that incorporated the CDOs to any of the contracts at issue.  The CDOs were internal documents.  The foundation upon which the Relator's alleged fraud is built simply does not exist.

Further, the Amended Complaint does not cite a specific statute or regulation relied upon as a condition to Government payment.  While the Amended Complaint cites to regulations, none of them indicate how adherence to internal CDOs constitutes a condition of Government payment.  For instance, the Relator cites to 48 C.F.R. § 46.105, Contractor responsibilities[4] and 48 C.F.R. § 46.203, Criteria for use of contract quality requirements.[5]   The Relator has not identified how any Defendants violated the regulations referenced in the Amended Complaint.  Even if the Relator is operating under

---

[3] http://ecfr.gpoaccess.gov/48cfr53.243

[4] http://ecfr.gpoaccess.gov/48cfr46.105

[5] http://ecfr.gpoaccess.gov/48cfr46.203

a theory of implied certification, the Relator's entire premise hinges on his claim that the CDOs are somehow part of the contracts.

While Defendants agree that there are quality assurance measures codified in federal regulations, the dispositive issue is whether the CDOs are part of the contract with the Government.  The Relator does not allege how these regulations fit within his alleged fraud, and how the cited regulations might apply only *if* the CDOs are part of the contracts, which the Relator has not and cannot show.

### III.   CONCLUSION

The Amended Complaint does not pass the requirements of Rules 9(b) and 12(b)(6).  It also falls far short of the guidance this Court provided in its November 16, 2009 Order [Doc. No. 52].  For the reasons stated, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice.

*/s/ John N. Hermes*
John N. Hermes, OBA #4133
Timothy J. Bomhoff, OBA #13172
M. Richard Mullins, OBA #13329
Ronald T. Shinn Jr., OBA #19569
McAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:   (405) 552-2258
Facsimile:     (405) 228-7458
Email: john.hermes@mcafeetaft.com
Email: tim.bomhoff@mcafeetaft.com
Email: richard.mullins@mcafeetaft.com
Email: ron.shinn@mcafeetaft.com

-and-

Roger S. Goldman, DC #333294
Kyle F. Jefcoat, DC #492380
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004-1304
Telephone:   (202) 637-2200
Facsimile:   (202) 637-2201
Email: roger.goldman@lw.com
Email: kyle.jefcoat@lw.com

*ATTORNEYS FOR DEFENDANTS
CHROMALLOY OKLAHOMA, CHROMALLOY
GAS TURBINE CORPORATION,
CHROMALLOY GAS TURBINE LLC, SEQUA
CORPORATION and THE CARLYLE GROUP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to any ECF registrants for this case:

David W Van Meter, OBA #13893
M. Kevin Walker, OBA #19590
Van Meter Law Firm
600 N Walker Avenue, Suite 101
Oklahoma City, Oklahoma  73102
Tel:    (405) 228-4949
Fax:    (405) 228-4945
david@vanmeterlawfirm.com
kevin@vanmeterlawfirm.com

-and-

5299354_1.DOC

Thomas E. Prince, OBA #7317
Prince Law Office, P.C.
204 East Second Street
Post Office Box 2911
Edmond, Oklahoma  73083-2911
Tel:    (405) 359-3693
Fax:    (405) 359-5834
tomprince@tomprincelaw.com

*ATTORNEYS FOR PLAINTIFF/RELATOR*

I also hereby certify that on this 21st day of January, 2010, I served the attached document by email, to the following, who is not shown as a registered participant in this action.

Robert C. Bradford
Assistant U.S. Attorney
United States Attorney's Office
Western District of Oklahoma
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Tel:    (405) 553-8700
Fax:    (405) 553-8885
Email: Robert.Bradford@usdoj.gov

*/s/ John N. Hermes*
John N. Hermes