IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *ex rel.* RAY DILLAHUNTY, | ) |
| | ) |
| Plaintiff/Relator, | ) |
| | ) |
| v. | ) No. CIV-08-944-L |
| | ) |
| CHROMALLOY OKLAHOMA, a | ) |
| division of CHROMALLOY GAS | ) |
| TURBINE CORPORATION; | ) |
| CHROMALLOY GAS TURBINE | ) |
| CORPORATION; CHROMALLOY | ) |
| GAS TURBINE LLC; SEQUA | ) |
| CORPORATION; and THE | ) |
| CARLYLE GROUP, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Relator, Ray Dillahunty, filed this *qui tam* action on September 9, 2008,

seeking relief under the False Claims Act, 31 U.S.C. § 3730(b)(1).  On March 16,

2009, the government filed its Notice of Election to Decline Intervention (Doc. No.

11), and on November 16, 2009, the court issued an order granting defendants'

motions to dismiss for failure to state a claim (Doc. No. 52).  The court, however,

granted the relator leave to file an amended complaint.  The Amended Qui Tam

Complaint was filed on December 18, 2009 (Doc. No. 56).  Like the original

complaint, the amended complaint names five defendants:  Chromalloy Oklahoma;

Chromalloy Gas Turbine Corporation; Chromalloy Gas Turbine LLC; Sequa

Corporation; and The Carlyle Group.  Dillahunty alleges defendants presented false

claims for payment by approving, certifying and presenting

> certain airplane engine parts as serviced according to U.S.
> Government supplied Work Packages with Technical
> Procedures . . . without actually and/or fully complying with
> the Work Packages.  By the failure to comply with the
> Work Packages, Defendants have placed non-serviceable
> and incompletely serviced parts into service, and the
> integrity of the parts is in question which affects the
> durability of the parts, shortens the life of the parts and
> results in potential part failures and thus a flight safety risk.

Amended Qui Tam Complaint at ¶ 1.

This matter is before the court on defendants' motion to dismiss the amended

complaint for failure to state a claim and for failure to plead fraud with particularity.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement

of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Nonetheless, a complaint must also be specific enough to "give defendants notice

of the theory under which their claim is made."  Robins v. Oklahoma, 519 F.3d 1242,

1249 (10th Cir. 2008).  A motion to dismiss under Rule 12(b)(6) tests the legal

sufficiency of a complaint.  "The court's function on a Rule 12(b)(6) motion is not to

weigh potential evidence that the parties might present at trial, but to assess whether

the plaintiff's complaint alone is legally sufficient to state a claim for which relief may

be granted."[1]  A complaint should not be dismissed for failure to state a claim unless

---

[1] Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (*quoted with approval in* Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010)).

it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In assessing whether a claim is plausible, the court must construe the complaint in the light most favorable to the plaintiff and must presume all factual allegations to be true.  Id. at 1965; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted).  In assessing whether a complaint complies with the pleading requirements, the court may consider documents referred to in the complaint if those documents are central to plaintiff's claims and the parties do not dispute their authenticity.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud".  Fed. R. Civ. P. 9(b).  To do so, a complaint must

> "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991).  Rule 9(b)'s purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir.

3

1992) (quotation omitted), *implied overruling on other grounds recognized by, Seolas v. Bilzerian*, 951 F. Supp. 978, 981-82 (D. Utah 1997).

Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236-37 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000).

Based on these standards, the court has examined Dillahunty's complaint and finds it is sufficiently detailed to afford defendants notice of the claims and to establish a plausible basis for relief as to all defendants except The Carlyle Group. The only allegations against The Carlyle Group are in Paragraphs 3, 10, and 11 of the amended complaint and amount to nothing more than that The Carlyle Group owns defendant Sequa Corporation. This is insufficient to state a plausible claim against The Carlyle Group for violation of the False Claims Act. Dismissal of this action with respect to The Carlyle Group is therefore warranted.

Defendants' Motion to Dismiss Amended *Qui Tam* Complaint (Doc. No. 59) is GRANTED in part and DENIED in part. This action is dismissed **without prejudice** as to defendant The Carlyle Group only. The remaining defendants shall file answers to the Amended Qui Tam Complaint within **fourteen (14) days** of the date of this order.

It is so ordered this 11th day of June, 2010.

TIM LEONARD
United States District Judge

4