IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RAY DILLAHUNTY, | ) ) ) | |
| Plaintiff/Relator, | ) ) | |
| v. | ) ) | No. CIV-08-944-L |
| CHROMALLOY OKLAHOMA, a division of CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE LLC; SEQUA CORPORATION; and THE CARLYLE GROUP, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# **O R D E R**

Relator, Ray Dillahunty, filed this *qui tam* action on September 9, 2008, seeking relief under the False Claims Act, 31 U.S.C. § 3730(b)(1). On March 16, 2009, the government filed its Notice of Election to Decline Intervention (Doc. No. 11). Thereafter, Dillahunty served the defendants, who moved to dismiss for failure to state a claim. On November 16, 2009, the court issued an order granting defendants' motions to dismiss, but also granting Dillahunty leave to file an amended complaint, which he did on December 18, 2009. Defendants again filed a motion to dismiss, which the court denied except with respect to defendant The Carlyle Group. Thereafter, the remaining defendants filed a motion for partial summary judgment in which they claimed that Dillahunty released the *qui tam* claims against them when

he signed a release upon his separation from employment with defendant Cromalloy Gas Turbine, LLC.

On December 2, 2010, the court issued an order denying defendants' motion for partial summary judgment. The court found defendants' motion was governed by the plain language of the *qui tam* statute, which requires consent of the government and the court before a relator can dismiss a *qui tam* action.[1] Citing United States *ex rel.* Ritchie v. Lockheed Martin Corp., 558 F.3d 1161 (10th Cir. 2009), the court found that the timing of Dillahunty's execution of the release was crucial. The Court in *Ritchie* reasoned that:

> When there is a release preceding the filing of the qui tam action, as in this case, no action has been filed, so there is neither an action to dismiss nor a judge to consent to the agreement. As a consequence, the statute only governs the enforceability of settlement agreements made after the filing of a qui tam claim. The statute is of no assistance to Ritchie in this case because she signed her releases **before** filing the qui tam case.

Id. at 1668 (emphasis added). Thus, the Court clearly found that the statute is controlling when a release is signed after the filing of a *qui tam* case. As there was no dispute that Dillahunty executed the release in question *after* he filed this action and that neither the government nor the court had consented to dismissal, the court found defendants were not entitled to summary judgment. United States *ex rel.*

---

[1] 31 U.S.C. § 3730(b)(1) provides that: "A person may bring a civil action . . . for the person and for the United States Government . . . . The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."

2

Dillahunty v. Chromalloy Oklahoma, order at 5 (W.D. Okla. Dec. 2, 2010). Furthermore, the release itself provides that it does not apply to "claims that the law does not permit me to waive". Id. at 3. As the court noted in its prior order, "[u]nder the statute, the *qui tam* claims cannot be waived solely by a relator once the action has been filed." Id. at 5.

This matter is now before the court on defendants' motion to certify that ruling for immediate interlocutory appeal. Defendants' motion is governed by 28 U.S.C. § 1292(b), which provides a vehicle for certifying controlling questions of law for immediate appeal.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The court, however, cannot make the findings required by § 1292 as defendants have not demonstrated the existence of a substantial ground for difference of opinion with respect to the court's ruling. Defendants' attempt to do so in their reply fails for a number of reasons. First, contrary to the Court's Local Civil Rules, their brief – in the main – merely reargues the points in the opening brief. *See* LCvR 7.1(i) ("Reply briefs shall not be used to reargue the points and authorities included in the opening brief."). Second, the brief was filed two days out of time, and therefore is subject to being stricken on that ground alone. Pursuant to LCvR 7.1(i),

the reply brief was due seven days after the filing of the response brief, that is, on January 12, 2011. Defendants, however, did not file their brief until 5:01 p.m. on January 14, 2011. Finally, the cases cited by defendants are either inapposite or contrary to Tenth Circuit law. While the court in United States *ex rel.* Meyer v. Horizon Health Corp., Case No. C 00-1303 SBA (N.D. Cal. May 25, 2006), allowed the dismissal of a party without the consent of the government, that dismissal was not pursuant to a settlement and did not dismiss the action as there were still two relators left who could prosecute the lawsuit. In this case, defendants argue that the relator settled the *qui tam* claims when he signed the release and therefore can no longer pursue such claims. Dismissal of the sole relator in this case would be tantamount to dismissal of the action. The remaining cases cited by defendants in support of their proposition that the strictures of 31 U.S.C. § 3730 apply only during the period in which the government is deciding whether to intervene are directly contrary to Tenth Circuit law. In Ridenour v. Kaiser-Hill Co., 397 F.3d 925 (10th Cir.), *cert. denied*, 546 U.S. 816 (2005), the Court held that "[e]ven where the Government has declined to intervene, relators are required to obtain government approval prior to entering a settlement or voluntarily dismissing the action." Id. at 931 n.8.[2] In addition, the Court expressed disapproval of United States *ex rel.*

---

[2]The Court cited with approval the Fifth Circuit's opinion in Searcy v. Philips Electronics N. Amer. Corp., 117 F.3d 154 (5th Cir. 1997). In *Searcy*, the Court of Appeals for the Fifth Circuit rejected the Ninth Circuit's analysis in Killingsworth v. Northrop Corp., 25 F.3d 715 (9th Cir. 1994), another case relied on by defendants in this action. Searcy, 117 F.3d at 159. As the Court in *Searcy* noted:
        The statutory language relied on by the government is as

Hullinger v. Hercules, Inc., 80 F. Supp. 2d 1234 (D. Utah 1999), a case specifically relied on by defendants in this action.[3] Ridenour, 397 F.3d at 931 n.8.

The court has no doubt that defendants strongly disagree with the court's summary judgment ruling, but that decision is consistent with governing Tenth Circuit law and the court sees no reason to certify this matter for immediate appeal. Moreover, the court cannot find that an interlocutory appeal would materially advance the ultimate termination of this lawsuit. Rather, the court finds such a appeal would only serve to unnecessarily delay a final resolution of what is already a long-running case. The court is duty-bound not to certify cases for interlocutory appeal unnecessarily. To do so in this instance would not be appropriate. Defendants' Motion to Certify Interlocutory Appeal (Doc. No. 78) is therefore DENIED.

It is so ordered this 21st day of January, 2011.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

unambiguous as one can expect: "The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." Unlike the *Killingsworth* court, we can find nothing in § 3730 to negate the plain import of this language.

Searcy, 117 F.3d at 159.

[3] *See* Defendants' Reply Brief in Support of Motion to Certify Interlocutory Appeal at 3-4 (Doc. No. 80).