IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. RAY DILLAHUNTY,<br><br>　　　　　　　　Plaintiff/Relator,<br><br>v.<br><br>CHROMALLOY OKLAHOMA, a division of CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE CORPORATION; CHROMALLOY GAS TURBINE LLC; SEQUA CORPORATION; and THE CARLYLE GROUP,<br><br>　　　　　　　　Defendants. | Civil Action No. CIV-08-944-L |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants Chromalloy Oklahoma, a division of Chromalloy Gas Turbine Corporation, Chromalloy Gas Turbine Corporation, n/k/a Chromalloy Gas Turbine LLC, ("Chromalloy") and Sequa Corporation (collectively "Defendants") and move for this Court to grant summary judgment in their favor against Relator Ray Dillahunty ("Relator").  Defendants state in support as follows:

1.　　As set forth in their Memorandum of Law, Defendants are entitled to summary judgment because there is no genuine dispute as to any material fact and the Relator cannot set forth clear and convincing evidence – or a preponderance of the evidence – that would cause this Court to impose liability under the False Claims Act

1

("FCA") at trial.

2. The FCA imposes a 6-year statute of limitations, requiring a judgment in Defendants' favor as to those claims outside the limitations period. *See* 31 U.S.C. § 3731(b)(2).

3. Defendants are also entitled to summary judgment as to those claims falling within the limitations period, insofar as Relator lacks evidence to establish the elements of a claim under the FCA. The FCA requires proof that Defendants submitted a false claim to the Government for payment with an express or implied certification as a condition to Government payment, which false certification was material to the Government's decision to pay Defendants, and that Defendants made such false claims knowing that they were false. *See, e.g., United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1217, 1220 (10th Cir. 2008). While a failure of proof on any one element would entitle Defendants to judgment as a matter of law, Relator's proof is lacking on each element.

4. Relator cannot prove that Defendants were required to or did make a false certification to the Government. The Contracts do not expressly require certification as a condition of payment. Implied certification, if any, related at most to the serviceability of jet engine parts that Chromalloy repaired for the Government under the Contracts. The Government contracted for serviceable parts, and Relator has put forth no evidence – because there is none – that Chromalloy provided otherwise.

5. Relator also cannot prove that Defendants made false or fraudulent statements to the Government that were material to the Government's decision to pay.

The FCA is not a strict liability statute, and it only imposes liability on false or fraudulent statements that are "material." *Conner*, 543 F.3d at 1220 n.6.

6.   Defendants are further entitled to summary judgment because there is no proof that Defendants knowingly made false statements to the Government. The FCA requires proof that a defendant submitted a claim to which the defendant knew it was not entitled. *See United States ex rel. Boggs v. Bright Family Dentistry, P.L.C.*, No. CIV-10-25-L, 2013 U.S. Dist. LEXIS 55322, *11 (W.D. Okla. Apr. 18, 2013). Moreover, the Government's extensive involvement in the repair processes and acceptance of the parts allows the Court to infer that the requisite scienter did not exist. *See United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 953 (10th Cir. 2008).

7.   The Court should also enter judgment in Sequa's favor on a separate basis, as Relator has failed to set forth any evidence that Sequa violated the FCA. Relator named Sequa in this action because it maintains an employee ethics hotline number and serves as Chromalloy's parent company. Sequa did not enter into any of the Contracts, repair any of the parts, ship them to the Government, or receive payment for them. Relator has set forth no evidence that Sequa engaged in any of those actions, let alone any others that would give rise to an FCA claim against it.

WHEREFORE, for the foregoing reasons, and as set forth more fully in Defendants' Memorandum In Support of their Motion for Summary Judgment and

exhibits submitted in support therewith,[1] Defendants request that summary judgment be granted in their favor.

  Respectfully submitted, this 29th day of October, 2013.

             s/Stephen A. Wood
             Stephen A. Wood (IL Bar # 6210458)
             Myra C. Mormile (IL Bar # 6301441)
             KELLEY DRYE & WARREN LLP
             333 West Wacker Drive
             Suite 2600
             Chicago, Illinois 60606
             (312) 857-7070 Telephone
             (312) 857-7095 Facsimile
             swood@kelleydrye.com
             mmormile@kelleydrye.com

             Robert G. McCampbell, OBA#10390
             Greg A. Castro, OBA #11787
             FELLERS, SNIDER, BLANKENSHIP,
             BAILEY & TIPPENS, P.C.
             Chase Tower
             100 N. Broadway, Suite 1700
             Oklahoma City, OK 73102
             405-232-0621 Telephone
             405-232-9659 Facsimile
             RMcCampbell@FellersSnider.com
             GCastro@FellersSnider.com

             *Attorneys for Defendants*

---

[1] Defendants' Memorandum in Support of their Motion for Summary Judgment and Exhibits 1-5, 7-16, and 19-40 have been filed under seal as allowed by the Court's October 28, 2013 Order.  (Doc. No. 169.)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October, 2013, I electronically transmitted the attached document and Exhibits 6, 17, and 18 to the Clerk of the Court using the ECF System for filing. Based on records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David W. Van Meter
M. Kevin Walker
James F. Howell

*Attorneys for Plaintiff/Relator*

I further certify that on this 29th day of October, 2013, I caused the attached document and exhibits 6, 17, and 18 to be served by email on the following, who is not a registered participant of the ECF System:

Robert C. Bradford
Assistant United States Attorney
United States Attorney's Office
Robert.Bradford@usdoj.gov


I further certify that on this 29th day of October, 2013, I caused the Defendants' Memorandum In Support of their Motion and Exhibits 1-5, 7-16, and 19-40, filed under seal, to be served on all parties of record.

s/Stephen A. Wood
Stephen A. Wood